UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

Civil No. 16-___-P-_

| | |
|---|---|
| ROBIN HOOSE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| UNIVERSITY OF MAINE SYSTEM, | ) |
| | ) |
| Defendant | ) |

## COMPLAINT

Plaintiff Robin Hoose complains against Defendant University of Maine System ("UMS"), as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Robin Hoose is a resident of Limerick, York County, Maine.

2. Defendant UMS is a public institution of higher learning pursuant to 29 U.S.C. § 203(s)(1)(B), with a principal office in Bangor, Maine.

3. This is an action arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA"). This Court has subject matter jurisdiction over the FLSA claim in this matter pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this Court by virtue of the residences of the parties.

## FACTS COMMON TO ALL COUNTS

5. Defendant was an employer of Plaintiff as defined by the FLSA.

6. Plaintiff was employed by UMS at its University of Southern Maine campus from 1998 to 2015. She began her employment as the fitness and wellness assistant coordinator. In approximately 2009, her position was upgraded to fitness and wellness coordinator.

7. As a fitness and wellness coordinator, Plaintiff was non-exempt from federal overtime laws requiring time-and-a-half payment for hours worked in excess of forty hours per week.

8. Plaintiff worked in excess of forty hours per week on a frequent or routine basis during her employment at UMS.

9. Records will confirm that Plaintiff worked numerous overtime hours for UMS for which she was not compensated with time-and-a-half wages.

10. The FLSA, 29 U.S.C. § 201, *et. seq.,* entitles Plaintiff to overtime compensation for hours worked in excess of forty hours per week for each week that she so worked.

## COUNT I: FAILURE TO PAY OVERTIME WAGES
### (Fair Labor Standards Act)

11. Plaintiff repeats the allegations contained in Paragraphs 1-10.

12. Pursuant to 29 U.S.C. § 207, UMS was required to pay Plaintiff one-and-one-half times her regular hourly rate of pay for all hours actually worked in excess of forty hours per week.

13. UMS failed to pay Plaintiff the required overtime amount for her overtime hours.

14. Plaintiff was damaged by the Defendant's failure to pay her overtime wages.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in Plaintiff's favor in the amount of her unpaid overtime earned during her employment at UMS, plus pre-judgment and post-judgment interest on this amount;

B. Award Plaintiff an additional amount equal to such wages and interest as liquidated damages pursuant to 29 U.S.C. § 216(b);

C. Award Plaintiff reimbursement of her costs of suit, including her reasonable attorney's fees and other litigation costs incurred in bringing this action, pursuant to 29 U.S.C. § 216(b); and

D. Grant such further relief as the Court may deem just and proper.

Dated: February 10, 2016

/s/ Stacey D. Neumann
Stacey D. Neumann, Esq
MURRAY, PLUMB & MURRAY
75 Pearl Street, P.O. Box 9785
Portland, ME  04104-5085
(207) 773-5651
E-mail:  sneumann@mpmlaw.com